Dear Mr. Briscoe:
This opinion is in response to your question asking:
 Section 343.070 required the County Collector to grant an auction license to certain auctioneers.
 Section 343.080 provides the amount of the fee for those licenses.
 Section 343.090 provides that the County Clerk shall receive $2.00 as an `issuance fee'. That fee shall be paid in to the general revenue fund of the County. To whom or to what fund does the Collector or the County Clerk pay over the balance of the license fee received for the issuance of auctioneer licenses?
In your question you speak of the "balance of the license fee." It is our view, however, that the fees charged under § 343.080 are entirely separate from the clerk's fee which is charged under § 343.090. Clearly since § 343.090 directs that the two dollar fee shall be paid into the county revenue fund, there is no question as to the proper disposition of that fee.
As to the fee charged pursuant to § 343.080, the statute presently provides that certain specified fees will be levied upon every license to be paid to the county clerk before the delivery thereof. Before that statute was amended in 1978, it provided that the fee would be paid to the collector.
Under the Laws of 1825, at pp. 160, et seq., relative to auctions and auctioneers, the then equivalent of the state auditor was denominated as the "auditor of public accounts." Under such laws, the collector was charged with all blank licenses not returned to the county court by the auditor of public accounts.
The Missouri Revised Statutes of 1855, at pp. 280, et seq., similarly provided that the auditor of public accounts would charge each collector with the licenses which were not returned to the county court. It seems clear from the context of both the Laws of 1825 and of 1855 that the license fee charges were made for the benefit of the state, with some exceptions not relevant here. Similarly, § 343.060, RSMo, in addition to providing that the county court shall settle with the collector for all blank licenses delivered to him and not accounted for and give him credit for all blank licenses returned and charge him for those not returned, also provides that the clerk shall, under the direction of the county court, certify to the state auditor the amount with which each collector stands charged who shall charge such collector therewith. Likewise, § 343.070, RSMo, provides that each collector shall grant any person, upon application and upon compliance with the requirements of Chapter 343, an auction license as provided for therein, and for that purpose fill up and countersign one of the blank licenses received from the county clerk.
We note that several portions of Chapter 343 were amended in 1978, including the amendments we have noted to § 343.080, and it is difficult to understand why §§ 343.060 and 343.070
were not amended to eliminate the provisions with respect to the auditor charging the collector with the amount the collector stands charged for such licenses because it was obviously the legislative intent that the county clerk would receive the amounts paid for such licenses and not the county collector. However, it is our view that these license fee provisions are in the nature of taxation provisions because no qualifications for licensing are set forth, and they have historically been referred to as taxes and levies. Therefore, we do not believe that the license fees paid under § 343.080, having historically accrued to the benefit of the state, could, without any other indication of legislative intent, accrue to the benefit of the county merely because such levies are paid to the county clerk. While the legislature substituted payment to the county clerk instead of to the county collector by amending § 343.080, it is difficult to see how such a substitution would change the right of the state to the taxes thus collected. This appears to be more obvious in view of the fact that § 343.090 with respect to the payment of the two dollars as an issuance fee to the clerk is expressly required to be paid into county general revenue.
We conclude that the fee which the clerk collects under § 343.080 is to be paid to the state of Missouri and that the fee which the clerk collects under § 343.090 is to be paid into county general revenue.
CONCLUSION
It is the opinion of this office with respect to § 343.080, RSMo, and § 343.090, RSMo, concerning auctioneers' license fees that such fees under § 343.080, which are required to be paid to the county clerk for the issuance of auctioneers' licenses, are levies on behalf of the state, and the clerk should account to the state of Missouri for such fees. The county clerk's fee under § 343.090 is a separate fee of two dollars for the issuance of such auctioneers' licenses to be paid by the clerk into the county general revenue fund.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General